UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NATASHA JONES-BELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>vs.<br><br>**DYNAMIC RECOVERY SOLUTIONS, LLC, CF MEDICAL, LLC, AND JOHN DOES 1-25,**<br><br>Defendants. | 2:18-CV-13634-TGB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

The matter before the Court is Defendants' Motion to Dismiss. ECF No. 14.

I. **Background**

On November 20, 2018, Plaintiff Natasha Jones-Bell initiated this action by filing the Complaint. Complaint, ECF No. 1. The allegations in the Complaint stem from a December 7, 2017 debt collection letter sent by Defendant Dynamic Recovery Solutions, LLC ("Dynamic Recovery") on behalf of Defendant CF Medical. *Id*. ¶ 30. The December 7, 2017 debt

collection letter was sent by the Defendants in an effort to collect on an outstanding $434.00 debt Plaintiff owed to Defendant CF Medical for emergency medical care services. *Id.* ¶¶ 23–24.

In the letter, Plaintiff was offered three settlement options. Each option provided Plaintiff with a mechanism for settling her debt for less than the $434.00 she owed. *Id.* ¶ 32. The third option is at issue in this case. The third option provided:

> You may resolve your account for $282.10 in 4 payments starting on January 21, 2018. To comply with this offer, payments should be no more than 30 days apart. We are not obligated to renew this offer. Upon receipt and clearance of these four payments of $70.53, this account will be considered satisfied and closed, and a satisfaction letter will be issued

Compl., Ex. A, ECF No. 1-1, PageID.13.

Plaintiff alleges that the third option is "confusing and misleading" because the sum of four payments of $70.53 equals $282.12—not the advertised full payment amount of $282.10. *Id.* ¶¶ 33–36. Plaintiff alleges that Defendants' debt collection letter was "unfair and unconscionable" and contained "false and misleading representations . . . which deceptively attempted to collect more than the amount of the offer" in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f. Compl., ECF No. 1 ¶¶ 48,

2

52. Plaintiff brings her FDCPA claim on behalf of herself and a putative class. *Id.* ¶ 14.

## II. Contentions

Defendants contend that Plaintiff both lacks standing to bring this action and fails to state a claim upon which relief can be granted. With respect to standing, Defendants contend that Plaintiff has failed to allege that she suffered a concrete injury because being able to settle her debt for less than she owed was a benefit and not an injury. Further, Defendants argue that she did not suffer any harm because she "does not allege she made any payment as a result of receiving the Letter, nor does she allege that she would have made a payment if the payments in the claimed violative settlement installment payment plan equaled the total amount of the offer." ECF No. 14-1, PageID.53.

Plaintiff contends that Defendants' "false letter" constitutes an "in informational injury" sufficiently concrete to confer Article III standing upon Plaintiff. ECF No. 15, PageID.69. Plaintiff argues that the informational injury she suffered—the $.02 difference between the advertised settlement amount and the sum of the four required payments—was concrete because it "placed [Plaintiff] at a materially

3

greater risk of falling victim to abusive debt collection practices." *Id.* at PageID.77.

Defendants further assert that even if Plaintiff were to have standing to bring her claim, Plaintiff's complaint fails to state a claim upon which relief could be granted under the FDCPA. Defendants state that the $.02 difference between the offer and the sum of four payments of $70.53 is the result of a rounding error caused by the fact that $282.10 cannot be evenly divided by four and the accounting software Defendants' use rounded up to the nearest cent. ECF No. 14-1, PageID. 13. Defendants contend that even under a least sophisticated consumer standard, Defendants' misstatement would not have misled or confused the least sophisticated consumer when deciding whether to pay or challenge the debt. *Id.* at PageID.63.

Plaintiff contends that Defendants' collection letter was a "deliberate attempt by Defendants to deceptively entice [Plaintiff] to accept what appears to be one specific amount when, in truth, she would be paying more than the amount Defendants' purportedly proposed in their Letter." ECF No. 15, PageID.78. Plaintiff argues that even if the $.02 at issue in Plaintiff's case is *de minimis*, this Court should consider

4

the aggregate impact of small misstatements made to a class of debtors. *Id.* at PageID.80.

### III. Legal Standard

### a. Federal Rule of Civil Procedure 12(b)(1)

Article III, § 2 of the Constitution provides that the judicial power of the United States "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting U.S. Const. Art. III, § 2). Standing "ensure[s] that federal courts do not exceed their authority" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* The "irreducible constitutional minimum of standing" requires the plaintiff to show three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

> [A] plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a

5

plaintiff who would not otherwise have standing." *Spokeo*, 136 S. Ct. at 1547–48. With respect to statutory FDCPA violations, the Sixth Circuit has held that post-*Spokeo*,

> statutory violations . . . fall[] into two broad categories: (1) where the violation of a procedural right granted by statute is sufficient in and of itself to constitute concrete injury in fact because Congress conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest; and (2) where there is a "bare" procedural violation that does not meet this standard, in which case a plaintiff must allege "additional harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549.

*Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 756 (6th Cir. 2018).

Standing is a jurisdictional requirement. *See Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002). If a plaintiff does not have standing, the court lacks subject-matter jurisdiction. *See Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). When a court lacks subject-matter jurisdiction, it "cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**b. Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not

6

required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When assessing a 12(b)(6) motion, the Court must accept all of plaintiff's factual allegations as true and construe the complaint in the light most favorable to plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

IV. Discussion

    a. Standing

Plaintiff alleges she was injured when she received a debt collection letter offering to settle her debt for less than the full amount owed. That letter included an option that would have allowed her to settle her debt for $282.10, instead of the $434.00 that was owed, in four equal payments of $70.53. The problem, however, is that four equal payments of $70.53 comes to $282.12, which is $.02 more than the advertised price to settle her debt. Nevertheless, option three, had she pursued it, would have

7

permitted her to settle her debt for more than $151 less than she owed. Plaintiff does not allege that she attempted to pay her debt through option three. Plaintiff does not allege that she intended to pay her debt through option three. Plaintiff does not allege that she called Defendants to inquire about the $.02 discrepancy in option three, or offered to make payments in amounts adjusted by two cents in order to accurately satisfy the repayment offer. Although the Complaint states that option three "is confusing and misleading," Plaintiff does not allege that she herself was confused or misled by option three because Plaintiff did not accept the offer to pay the off-by-two-cents total, and made no payment of any kind.

In *Spokeo*, the Supreme Court held that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549. Plaintiff urges the Court to apply the Sixth Circuit's risk-of-harm standing analysis from *Macy v. GC Services Limited Partnership*, but even under this test, Plaintiff fares no better. *See* 897 F.3d at 747. Under *Macy*, Plaintiff must establish that Defendants' "purported FDCPA violations created a material risk of harm to a congressionally recognized interest." *Macy*, 897 F.3d at 759. In this case, the debt collection letter

at issue provided a benefit to Plaintiff: the option to settle her debt for approximately $151 less than she owed. Plaintiff has failed to establish that a minor error contained in an offer to settle a debt for less than the amount owed is the type of abuse the FDCPA was aimed to prevent. *See id.* at 761 (allegedly deficient letter in *Hagy* that "turned out to be helpful to the plaintiffs" was not the type of abuse the FDCPA was meant to prevent).

Moreover, assuming *arguendo* Plaintiff had established a congressionally recognized interest, Plaintiff has failed to allege sufficient facts for the Court to conclude that the false statement in this case—a $.02 rounding error—created a material risk of harm to that interest. Consequently, Plaintiff has failed to establish Article III standing to bring this action. *See also Hagy v. Demers & Adams*, 882 F.3d 616, 621 (6th Cir. 2018) (FDCPA plaintiff lacked standing because plaintiff failed to establish "some harm other than the fact of a bare procedural violation"); *Johnston v. Midland Credit Mgmt.*, 229 F. Supp. 3d 625, 631 (W.D. Mich. 2017) (Plaintiff both lacked standing and failed to state claim under the FDCPA after debt collection letter erroneously stated debt could be resolved for zero dollars).

### b. Fair Debt Collection Practices Act

Plaintiff has failed to establish that she has standing to bring this action, however, assuming *arguendo* that Plaintiff had suffered a concrete injury, the Court addresses Defendants' Rule 12(b)(6) contentions.

The FDCPA prohibits any debt collector from using "false representation or deceptive means," and "unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e, 1692f. To establish a claim under the FDCPA, "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated '§ 1692e's [or § 1692f's] prohibitions.'" *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009)). "The use of any false representation or deceptive means to collect or attempt to collect any debt" violates 15 U.S.C. § 1692e(10); a false representation of "the character, amount, or legal status of any debt" violates 15 U.S.C. § 1692e(2)(A). "[T]he listed examples of illegal acts are just that—

examples, [and the general language of] Sections 1692e and 1692f enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 450 (6th Cir. 2014) (citations and quotations omitted).

To determine whether a debt collector's conduct runs afoul of the FDCPA, "[c]ourts must view any alleged violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases." *Id.* at 450 (quoting *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed. App'x. 24, 28 (6th Cir. 2007)). The objective standard "serves a dual purpose: 'it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.'" *Id.* at 450 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

"In addition, in applying this standard, we have also held that a statement must be materially false or misleading to violate Section 1692e." *Wallace*, 683 F.3d at 326–27; *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596–97 (6th Cir. 2009) (applying a materiality standard to a Section 1692e claim that was based on alleged

11

misstatements in legal pleadings). "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace*, 683 F.3d at 327.

In this case, the $.02 discrepancy was caused by the offered $282.10 settlement being incapable of being evenly divided by four. An unsophisticated consumer would realize that $282.10 divided by four equals $70.525, and that the nearest whole cent is $70.53. Though the collection notice was technically incorrect to state that the amount the consumer would pay after making four payments of $70.53 would equal a total of $282.10, this error would be easily realized by even the most unsophisticated of consumers by adding the four payments and reaching the sum of $282.12. While it may be plausible to claim that the average consumer would be unlikely to take the time to perform this simple calculation, or notice the error, it is even more unlikely that the average consumer who did the calculation would care much about a 2-cent mistake, when they were realizing approximately a $151 discount on their $434 debt. Any consumer who did the math would realize that this discrepancy was caused by the necessity of rounding to the nearest cent

and would not be misled or confused by the notice. And, as stated, such a miniscule discrepancy would not reasonably be material to an unsophisticated consumer's decision whether or not to accept the settlement offer. *See Brown v. Alltran Fin., LP*, No. 18-CV-409-WMC, 2018 WL 5923772, at *2 (W.D. Wis. Nov. 13, 2018) (dismissing FDCPA complaint with $.01 misstatement because "no reasonable trier of fact could find that a single cent would be material in making a decision to repay or not repay a debt within six months"). The Court finds that the false statement on the debt collection notice is immaterial, and as a consequence, Plaintiff has failed to state a claim upon which relief could be granted under the FDCPA.

## V. Conclusion

For the reasons stated herein, this Court lacks jurisdiction over this matter. Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**. The Complaint is dismissed with prejudice.[1]

DATED this 30th day of September, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[1] Dismissal with prejudice is appropriate when amendment would be futile. *Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019). Here, dismissal with prejudice is appropriate because even if Plaintiff were to amend her complaint, she cannot change the fact that the difference between the offer and the sum of the four payments was $.02.